UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:16cr56(VAB) |
| v. | VIOLATION: |
| JOHN B. JEFFREY, also known as Tucker Jeffrey | 18 U.S.C. Section 1343 (Wire Fraud) |

INFORMATION

The United States Attorney charges:

COUNT ONE
(Wire Fraud)

The Scheme and Artifice to Defraud

1.     From approximately January 2009 to approximately November 2014, the exact dates being unknown, in the District of Connecticut and elsewhere, the defendant JOHN B. JEFFREY ("JEFFREY"), also known as "Tucker Jeffrey," did knowingly, willfully and intentionally devise and intend to devise, and participate in, a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises.

Purpose of the Scheme

2.     The purpose of the scheme and artifice to defraud was for JEFFREY to enrich himself by taking money from his victims intended for investment in a cargo shipping venture, and instead to use the money for his own personal expenses, including to pay for the mortgage on his New Canaan home, tuition at private schools, country club dues, and home renovation and landscaping costs.

Manner and Means of the Scheme

The manner and means by which JEFFREY accomplished the scheme included the following:

3.  It was part of the scheme and artifice to defraud that JEFFREY would and did offer victims the opportunity to invest in companies Anchor Shipping and Trading ("Anchor Shipping") and Southern Cross Shipping ("Southern Cross"), entities that JEFFREY falsely represented to be companies organized under the laws of the Marshall Islands and engaged in the cargo shipping business.

4.  It was part of the scheme and artifice to defraud that JEFFREY falsely represented to victims that Anchor Shipping and Southern Cross had long-term contracts with companies that would support a profitable international shipping business, including a large, multinational cement company when, in fact, no such contracts existed.

5.  It was part of the scheme and artifice to defraud that JEFFREY falsely represented to victims by presenting them with bogus documents that certain well-known executives in the international shipping business were involved with Anchor Shipping and Southern Cross when, in fact, those executives had no such involvement.

6.  It was part of the scheme and artifice to defraud that JEFFREY e-mailed and telephoned his victims, falsely representing to them that Anchor Shipping and Southern Cross were profitable and that victims would receive distributions from their investments, and to reassure them when repayments were not forthcoming.

7.  It was part of the scheme and artifice to defraud that when JEFFREY ultimately repaid some of his victims, he falsely represented that they were receiving profits from the cargo shipping venture.

8.  It was part of the scheme and artifice to defraud that JEFFREY required victims receiving repayment to sign "confidentiality" agreements as a condition of being repaid what they were owed.

## The Use of Interstate Wires

9. For the purpose of executing and attempting to execute the scheme and artifice to defraud, on or about November 14, 2014, in the District of Connecticut and elsewhere, JEFFREY did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce a cellular telephone call by JEFFREY in Colorado to a victim in Connecticut in which JEFFREY falsely represented that he had wire transferred $250,000 to the victim from a Canadian bank as partial payment of the amount owed to the victim.

All in violation of Title 18, United States Code, Section 1343.

UNITED STATES OF AMERICA

*[signature]*
DEIRDRE M. DALY
UNITED STATES ATTORNEY

*[signature]*
SUSAN L. WINES
ASSISTANT UNITED STATES ATTORNEY